[No. 18519. Department One. September 22, 1924.]

FIRST NATIONAL BANK OF RITZVILLE, *Respondent,* v.
P. A. WATKINS *et al., Proponents,* FARMERS
NATIONAL BANK OF COLFAX, *Appellant.*[1]

EXECUTORS AND ADMINISTRATORS (102)—DISTRIBUTION—ASSUMPTION OF DEBTS BY HEIRS—DECREE—CONCLUSIVENESS. A decree distributing an interest in real estate to an assignee of the heir, at the heir's request, subject to payment of certain indebtedness to be assumed by the distributee, is effective, as against a contract creditor of the heir, irrespective of the fact that the debts secured were not liens upon the interests of the heir.

MORTGAGES (45)—DEED AS MORTGAGE—PROPERTY CONVEYED—AFTER ACQUIRED TITLE. A deed of an heir's undivided interest in real estate, intended as a mortgage to secure a debt, conveys the after-acquired title of the grantor in and to the fractional part thereafter set over to him.

SAME (17, 21)—DEED AS MORTGAGE—ORAL AGREEMENT—EXPRESS TRUST—PAROL EVIDENCE. Where an absolute deed was intended as a mortgage to secure certain debts, creating a trust in favor of certain debtors which rested in parol, the parties may subsequently enter into a written agreement establishing the deed as a mortgage and declaring the trust, which could be enforced by the parties for whose benefit the trust was created.

Appeal from a judgment of the superior court for Adams county, Truax, J., entered April 2, 1923, upon findings in favor of the plaintiff, in an action to foreclose a deed as a mortgage, tried to the court. Affirmed.

[1]Reported in 228 Pac. 837.

*Hanna, Miller & Hanna* and *W. O. Miller,* for appellant.

*Lovell & Ott,* for respondent.

TOLMAN, J.—This is an appeal from a decree foreclosing as a mortgage a deed absolute in form.

It appears without substantial dispute that one P. A. Watkins, then being one of the heirs of W. H. Watkins, deceased, whose estate was in process of probate, on or about November 23, 1920, executed and delivered to the respondent a deed, absolute in form, conveying to respondent all of his right, title and interest in and to certain real estate belonging to the estate of W. H. Watkins, deceased, which by agreement of the parties, was intended to secure, first, certain indebtedness which he then owed to respondents, evidenced by his promissory note, and also three other notes theretofore made by the grantee to other parties, all of which were then in the possession of respondent for collection. The deed was duly recorded as such, and thereafter, the time arriving for the settlement and distribution of the estate, by a decree entered in the probate proceedings dated September 30, 1921, there was distributed to respondent, as the assignee of P. A. Watkins, a certain quarter section of land covered by the deed first above referred to, "subject to the following liens, to-wit: one to Walter Staser in the sum of $228.78, and one to D. A. Hewit in the sum of $438.14."

Appellant obtained a judgment against P. A. Watkins on March 3, 1922, which from that date became a lien on real property belonging to him. The decree from which the appeal is taken recognizes this lien as giving appellant the right to redeem, but nothing more.

Appellant first contends that the complaint does not state a cause of action. The first cause of action

attempted to be stated alleges the appropriate matters hereinbefore referred to, and that the Staser and Hewit liens have been assigned to the plaintiff, who is the owner and holder thereof, and seeks their foreclosure. It seems to be contended that this cause of action is defectively set forth, in that the liens are not further described or shown to be statutory liens. This, it seems to us, is a matter with which the appellant has no concern. If the distributees of the Watkins estate saw fit, rather than have the real estate sold to pay the debts, to ask for and consent to its distribution subject to certain indebtedness to be assumed by the distributees, that was their concern. If there was any error in that respect it could only be corrected by an appeal from that decree.

As to the second cause of action, seeking foreclosure on the indebtedness which the conveyance was originally made to secure, the contention seems to be that, since the deed conveyed only the grantor's interest, which was less than the whole, in a large tract of land, then when a fraction of that larger tract was attempted to be distributed, the deed being in fact a mortgage, does not convey the after-acquired title, and continues to be a lien only on the fractional undivided interest in the land set over, which was vested in the mortgagor when the instrument was executed. We cannot agree with this contention. A deed conveys after-acquired title by reason of the covenants of title and of the right to convey; and we see no reason why, if the mortgage carries like covenants, which is the case here, that a like rule should not apply. No case is called to our attention which announces a different rule.

The proof shows that, at the time the deed or mortgage was executed, the agreement that it should be

security only, and what debts it should secure, and the order of their payment, rested in parol, but thereafter, and long before appellant recovered its judgment, this parol agreement was reduced to writing and duly signed by Watkins and the respondent. On these facts the appellant basis its argument that, at the time the original instrument was executed, an express trust was created, at least so far as concerns the notes attempted to be secured which were payable to others than the grantee in the deed, and that such an express trust cannot be proven by parol evidence. Without discussing the reasons why the rule which is applied to express trusts is never applied in a case where a deed is given as a mortgage, it seems sufficient to say that, so far as the appellant is concerned, the whole transaction would be just as binding if the deed had been made October 16, 1921, when the written instrument of defeasance was executed, and we know of no reason why on that date, by reason of the dangers which might arise from such an agreement resting in parol, the parties thereto could not then enter into a valid written agreement which could and would defeat the previous instrument as a deed and establish it as a mortgage. This instrument, of course, was made for the benefit of the payees of the junior notes, and under familiar rules they might enforce it without being parties to its execution.

Other and further contentions are advanced, but we fail to find in them anything of merit warranting a further discussion.

The judgment appealed from is affirmed.

MAIN, C. J., PARKER, MACKINTOSH, and BRIDGES, JJ., concur.